UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LLOYD'S OF LONDON SYNDICATE 2987,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br><br>PCL HOMES, LLC, a Washington Limited Liability Company, and ESTATE OF JOSE TRINIDAD MEDRANO-VILLAGRAN, by and through its Administrator, NOVEMA APRIL MEDRANO;<br><br>　　　　　　　　　　　Defendants. | No. 2:23-cv-1497<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Lloyd's of London Syndicate 2987 ("Underwriters"), by and through its counsel of record James P. Murphy and for its claims against the defendants, alleges as follows:

I.　　PARTIES

1.1　　Plaintiff Lloyd's of London Syndicate 2987 is the underwriter subscribing to policy number BRT3C001375, a non-admitted foreign insurer. The sole member of Lloyd's of London Syndicate 2987 is Brit UW Ltd. Brit UW Ltd. is a private limited Company that was incorporated in and has its principal place of business in London, England.

1.2　　Defendant PCL Homes, LLC ("PCL Homes") is a Washington limited liability

COMPLAINT FOR DECLARATORY RELIEF - 1

company with its principal place of business in King County, Washington.

1.3     Upon information and belief, PCL Homes is a limited liability company composed of three members: Jagraj Singh, Satnam Singh, and Remix Investments, Inc.  Both Jagraj Singh and Satnam Singh are residents of the State of Washington. Remix Investments, Inc. is a corporation organized under the laws of the State of Washington and its principal place of business is Surrey, British Columbia, Canada.

1.4     Defendant Estate of Jose Trinidad Medrano-Villagran is a probate estate opened under King County Superior Court cause number 21-4-00520-2 KNT.  Its administrator is Novema April Medrano, and upon information and belief, Novema April Medrano is a resident of the State of Washington. The deceased, Jose Trinidad Medrano-Villagran, was a resident of Washington.  Underwriters has named The Estate of Jose Trinidad Medrano-Villagran as a defendant in this action because the Estate has a claim against PCL Homes which would be affected by the declaratory relief sought herein pursuant to RCW 7.24.110.

## II.     JURISDICTION AND VENUE

2.1     This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57 to resolve an actual controversy between the parties.

2.2     This Court has diversity jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between plaintiff and defendants, and the amount at issue exceeds $75,000, exclusive of interest and costs. PCL Homes seeks insurance coverage under a policy of insurance issued by Underwriters with policy limits of $1 million per occurrence.

2.3     Venue is proper under 28 U.S.C. § 1391 and 28 U.S.C. 128(a), because the locations of the principal place of business of PCL Homes and the venue of the Estate of Jose Trinidad Medrano-Villagran are within the Western District of Washington, Seattle.

COMPLAINT FOR DECLARATORY RELIEF - 2

III.   FACTS

3.1   PCL Homes is a general contractor that performed construction work on a single-family home in Kirkland, Washington ("the Kirkland Project").

3.2   PCL Homes subcontracted with Jose Trinidad Medrano-Villagran, doing business as Pearl Waterproofing, a sole proprietorship. Pearl Waterproofing is an independent contractor and a licensed construction contractor with the Washington Department of Labor and Industries under license number PEARLW*936CB. Jose Trinidad Medrano-Villagran and his sole proprietorship business, Pearl Waterproofing, specialized in waterproofing exterior surfaces of residential structures.

3.3   PCL Homes subcontracted with Jose Trinidad Medrano-Villagran, doing business as Pearl Waterproofing, to perform waterproofing work on PCL Homes' behalf at the Kirkland Project.

3.4   On November 6, 2020, Jose Trinidad Medrano-Villagran suffered a fall from an exterior deck at the Kirkland Project and later died of his injuries.

3.5   The Estate of Jose Trinidad Medrano-Villagran, through its administrator, Novema April Medrano, filed suit in King County Superior Court against PCL Homes seeking to recover from PCL Homes damages arising from injuries allegedly sustained in the fall. The action is captioned *Estate of Jose Trinidad Medrano-Villagran, by and through its Administrator, Novema April Medrano v. PCL Homes, LLC*, King County cause number 23-2-01418-9 KNT (the "Underlying Action").

3.6   Underwriters issued policy no. BRT3C001375-00 (the "Policy") to PCL Homes with a policy period of November 30, 2019 to November 30, 2020.

3.7   Underwriters accepted to defend PCL Homes with respect to the Underlying Action

COMPLAINT FOR DECLARATORY RELIEF - 3

MURPHY ARMSTRONG & FELTON LLP
719 Second Avenue
Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

pursuant to an express reservation of rights.

3.8 The Policy's Commercial General Liability Coverage form on ISO form no. CG 00 01 04 13 provides in pertinent part:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . .

3.9 By endorsement, the Policy excludes coverage for injuries to independent contractors and employees of independent contractors. The Policy includes the following endorsement entitled, "EXCLUSION – INJURY TO INDEPENDENT CONTRACTORS AND EMPLOYEES OF INDEPENDENT CONTRACTORS (form no. BRT 30 13 06 17). It provides:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**EXCLUSION – INJURY TO INDEPENDENT CONTRACTORS AND EMPLOYEES OF INDEPENDENT CONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following replaces Paragraph **2., Exclusions** of Section **I – Coverage A – Bodily Injury and Property Damage Liability**

**2. Employer's Liability**

"Bodily Injury: to:

COMPLAINT FOR DECLARATORY RELIEF - 4

MURPHY ARMSTRONG & FELTON LLP
719 Second Avenue
Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

(1) An "employee" of the insured arising out of and in the course of:
   (a) Employment by the insured; or
   (b) Performing duties related to the conduct of the insured's business; or
(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.
(3) Any independent contractor or any "employee" of any independent contractor working for you or on your behalf.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion applies to liability assumed by the insured under an "insured contract."

Endorsement BRT 30 13 06 17.

   3.10   The Policy also includes the following endorsement entitled "EXCLUSION – WORKERS COMPENSATION" (form no. BRT 40 93 06 17).  It provides:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ CAREFULLY.

**EXCLUSION – WORKERS COMPENSATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following replaces Paragraph **2., Exclusions** of Section **I – Coverage A – Bodily Injury and Property Damage Liability**

**e.  Employer's Liability**

"Bodily Injury: to:

(1) An "employee" of the insured arising out of and in the course of:
   (a) Employment by the insured; or
   (b) Performing duties related to the conduct of the insured's business; or
(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.
(3) Any independent contractor or any "employee" of any independent contractor working for you or on your behalf.

COMPLAINT FOR DECLARATORY RELIEF - 5

MURPHY ARMSTRONG & FELTON LLP
719 Second Avenue
Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion applies to liability assumed by the insured under an "insured contract."

The following replaces paragraph 5. of **SECTION V – DEFINITIONS**:
5. "Employee" includes but is not limited to:
   (a) A "leased worker", and/or
   (b) a "temporary worker", and/or
   (c) an employee, "temporary worker", a volunteer worker and/or a "leased worker" of a subcontractor" under the supervision of the "insured".

The following is added to **SECTION V – DEFINITIONS**:
23. "Subcontractor" means: persons or entities hired by any "insured" to perform any or all of the duties of the "insured.

Endorsement BRT 40 93 06 17.

3.11   The Policy includes the following definition of "Bodily Injury":

"Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

CG 00 01 04 13 (**SECTION V – DEFINITIONS** 3.).

3.12   Jose Trinidad Medrano-Villagran was performing services and work as an independent contractor at the time of his injuries.

3.13   PCL Homes contracted with Jose Trinidad Medrano-Villagran, an independent contractor doing business as Pearl Waterproofing, and Jose Trinidad Medrano-Villagran suffered his injuries while performing work as an independent contractor for and on behalf of PCL Homes.

3.14   The claims asserted in the Underlying Action seek recovery of damages against PCL Homes for bodily injuries suffered by Jose Trinidad Medrano-Villagran while working as an independent contractor of PCL Homes.

## IV. FIRST CAUSE OF ACTION

COMPLAINT FOR DECLARATORY RELIEF - 6

MURPHY ARMSTRONG & FELTON LLP
719 Second Avenue
Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

Declaratory Relief: No Duty to Defend

4.1 Underwriters reasserts and re-alleges the allegations in each of the foregoing paragraphs as fully set forth herein.

4.2 PCL Homes seeks coverage under the Policy issued by Underwriters for the alleged injuries and death of Jose Trinidad Medrano-Villagran sustained while performing work on behalf of PCL Homes.

4.3 There is an actual and justiciable controversy between plaintiff and defendants with respect to whether the Policy provides coverage for the claims of the Estate of Jose Trinidad Medrano-Villagran alleged in the Underlying Action.

4.4 Underwriters is informed and believes and alleges that PCL Homes contends that Underwriters has a duty to defend PCL Homes in connection with the Underlying Action under the Policy.

4.5 Underwriters contends that the Policy does not provide coverage for the defense of PCL Homes in the Underlying Action.

4.6 In accordance with the insuring agreement, provisions, terms, conditions, exclusions, and endorsements of the Policy and applicable law, Underwriters has no duty to defend PCL Homes in the Underlying Action, in whole or in part, for the following reasons:

    a. No coverage is afforded for the Underlying Action because the bodily injuries suffered by Jose Trinidad Medrano-Villagran occurred while working as an independent contractor for and on behalf of PCL Homes;

    b. There is no coverage afforded for the Underlying Action to the extent that Jose Trinidad Medrano-Villagran was an independent contractor who contracted with PCL Homes to perform work on behalf of PCL Homes;

COMPLAINT FOR DECLARATORY RELIEF - 7

MURPHY ARMSTRONG & FELTON LLP
719 Second Avenue
Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

c. There is no coverage afforded for the Underlying Action because the Estate of Jose Trinidad Medrano-Villagran seeks damages for bodily injuries sustained by an independent contractor performing work for and on behalf of PCL Homes.

4.7 Underwriters relies upon all additional terms, definitions, exclusions, conditions and endorsements in the Policy not specifically identified herein that potentially limit or preclude coverage for the duty to defend PCL Homes under the Policy in the Underlying Action.

4.8 Underwriters seeks a declaration that its Policy does not provide defense for the claims made against PCL Homes in the Underlying Action.

## V. SECOND CAUSE OF ACTION

### Declaratory Relief: No Duty to Indemnify

5.1 Underwriters reasserts and re-alleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

5.2 There exists a genuine, bona fide dispute and an actual controversy and disagreement between Underwriters and PCL Homes regarding whether Underwriters has a duty to indemnify PCL Homes in connection with the Underlying Action.

5.3 Underwriters is informed and believes and alleges that PCL Homes contends that Underwriters has a duty to indemnify PCL Homes in connection with the Underlying Action under the Policy.

5.4 Underwriters contends that the Policy does not provide coverage to indemnify PCL Homes in the Underlying Action for the following reasons:

a. No coverage is afforded for the Underlying Action because the bodily injuries suffered by Jose Trinidad Medrano-Villagran occurred while working as an independent contractor for and on behalf of PCL Homes;

MURPHY ARMSTRONG & FELTON LLP
719 Second Avenue
Suite 701
Seattle, WA 98104
T/206-985-9770   F/206-985-9790

b. There is no coverage afforded for the Underlying Action to the extent that Jose Trinidad Medrano-Villagran was an independent contractor who contracted with PCL Homes to perform work on behalf of PCL Homes;

c. There is no coverage afforded for the Underlying Action because the Estate of Jose Trinidad Medrano-Villagran seeks damages for bodily injuries sustained by an independent contractor performing work for and on behalf of PCL Homes.

5.5     Underwriters also relies upon all additional terms, definitions, exclusions, conditions and endorsements in the Policy not specifically identified herein that potentially limit or preclude coverage for the duty to defend and the duty to indemnity PCL Homes under the Policy for the Underlying Action.

5.6     Underwriters seeks a declaration that the Policy does not provide indemnification for the claims made against PCL Homes in the Underlying Action.

## VI.     RELIEF REQUESTED

WHEREFORE, Underwriters prays for judgment against Defendants as follows:

1. That the Court determine, decree, and adjudge that Underwriters is entitled to a declaration that it has no duty to defend PCL Homes in the Underlying Action under the Policy;

2. That the Court determine, decree, and adjudge that Underwriters is entitled to a declaration that it has no duty to indemnify PCL Homes in the Underlying Action under the Policy;

3. That the Estate of Jose Trinidad Medrano-Villagran shall be bound by any declaration of coverage rendered against PCL Homes;

4. For attorneys' fees and costs as permitted by law;

5. For such other and further relief as the Court deems fit and proper under the circumstances and evidence.

COMPLAINT FOR DECLARATORY RELIEF - 9

MURPHY ARMSTRONG & FELTON LLP
719 Second Avenue
Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

DATED this 26th day of September, 2023.

MURPHY ARMSTRONG & FELTON LLP

By: */s/ James P. Murphy*
James P. Murphy, WSBA #18125
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206.985.9770  F/206.985.9790
jpm@maflegal.com

*Attorneys for Plaintiff*
*Lloyd's London Syndicate 2987*

COMPLAINT FOR DECLARATORY RELIEF - 10

**MURPHY ARMSTRONG & FELTON LLP**
719 Second Avenue
Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790