UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LLOYD'S OF LONDON SYNDICATE 2987,<br><br>     Plaintiff,<br><br>  v.<br><br>PCL HOMES LLC et al.,<br><br>     Defendants. | CASE NO. 2:23-cv-01497-LK<br><br>ORDER DIRECTING COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 7.1 AND LOCAL CIVIL RULE 7.1 |

  This matter comes before the Court on PCL Homes' deficient disclosure statement.

  Federal Rule of Civil Procedure 7.1(a)(1) requires any nongovernmental corporate party to file a statement that either (A) "identifies any parent corporation and any publicly held corporation owning 10% or more of its stock" or (B) "states that there is no such corporation." And in actions such as this one where jurisdiction is based on diversity under Section 1332(a), a party "must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party[.]" Fed. R. Civ. P. 7.1(a)(2).

This district's Local Civil Rules require more. A nongovernmental party "other than an individual or sole proprietorship" must file a corporate disclosure statement that does one of the following:

> (1) Identify any parent corporation and any publicly held corporation owning more than 10% of its stock;
>
>> any member or owner in a joint venture or limited liability corporation (LLC); all partners in a partnership or limited liability partnership (LLP); and any corporate member, if the party is any other unincorporated association; or
>
> (2) State that there "is no parent, shareholder, member, or partner to identify as required by LCR 7.1(a)(1).["]

LCR 7.1(a). In diversity actions, "the corporate disclosure statement must also list those states in which the party, owners, partners, or members are citizens." LCR 7.1(b). Full disclosure is critical to a proper disqualification analysis under 28 U.S.C. § 455, *see* Dkt. No. 3, and for the Court's jurisdictional analysis, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists").

PCL Homes is a limited liability corporation, which means it "is a citizen of every state of which its owners/members are citizens" for diversity purposes. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In its disclosure statement, PCL Homes identifies "three governors, Jagraj Singh, Satnam Singh, and Remix Investments, Inc.," and represents that "Jagraj Singh is a citizen of Washington State, Satnam Singh is a resident of Washington State, and Remix Investments, Inc. is a Washington State Corporation." Dkt. No. 9 at 1. This is insufficient. First, it is unclear whether "governors" is synonymous with "members" for the purposes of Local Civil Rule 7.1. Second, an individual's state citizenship is determined by his or her state of domicile, not state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019)

("[R]esidency is not equivalent to citizenship."). Thus, Satnam Singh's Washington residency does not necessarily equate to Washington citizenship. And third, PCL Homes' representation that Remix Investments, Inc. is a "Washington State Corporation" appears in tension with Plaintiff's complaint and the Washington Secretary of State's database, both of which indicate that Remix's principal place of business is in Surrey, British Columbia, Canada. *See* Dkt. No. 1 at 2; Washington Corporations and Charities Filing System, *Corporation Search*, https://ccfs.sos.wa.gov/#/Home (last visited Nov. 2, 2023); *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]").

PCL Homes shall have seven days from the date of this Order to cure the identified deficiencies by filing an amended corporate disclosure statement. Failure to do so may result in sanctions.

Dated this 2nd day of November, 2023.

*[signature: Lauren King]*

Lauren King
United States District Judge

ORDER DIRECTING COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 7.1 AND LOCAL CIVIL RULE 7.1 - 3