1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

| | |
|---|---|
| LLOYD'S OF LONDON SYNDICATE 2987,<br><br>                          Plaintiff,<br><br>        v.<br><br>PCL HOMES LLC et al.,<br><br>                          Defendants. | CASE NO. 2:23-cv-01497-LK<br><br>ORDER TO SHOW CAUSE |

11
12
13
14
15
16
17

        This matter comes before the Court sua sponte. Plaintiff Lloyd's of London Syndicate 2987 initiated this action alleging subject matter jurisdiction solely on the basis of diversity pursuant to 28 U.S.C. § 1332. Dkt. No. 1 at 2. For the reasons discussed below, the Court ORDERS Plaintiff to show cause why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists").

18
19
20
21
22
23
24

1    "Federal courts are courts of limited jurisdiction. They possess only that power authorized

2    by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

3    (1994). "Article III of the United States Constitution extends the judicial power to controversies

4    'between Citizens of different States . . . and between a State, or the Citizens thereof, and foreign

5    States, Citizens or Subjects.'" *Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014)

6    (quoting U.S. Const. art. III, § 2, cl. 1). This clause is the constitutional source of diversity

7    jurisdiction. *Id.* And in enacting 28 U.S.C. § 1332, Congress provided that district courts shall have

8    original jurisdiction over all civil actions where the amount in controversy exceeds $75,000,

9    exclusive of interest and costs, and the action is between:

10        (1) [c]itizens of different States;

11        (2) citizens of a State and citizens or subjects of a foreign state, except that
        the district courts shall not have original jurisdiction under this subsection of an
12       action between citizens of a State and citizens or subjects of a foreign state who are
        lawfully admitted for permanent residence in the United States and are domiciled
13       in the same State;

14        (3) citizens of different States and in which citizens or subjects of a foreign
        state are additional parties; and
15

16        (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and
        citizens of a State or of different States.

17    28 U.S.C. 1332(a)(1)–(4).

18        In this case, Plaintiff alleges it is a citizen of England, Dkt. No. 1 at 1; Dkt. No. 6 at 1, and

19    Defendants appear to be citizens of both Washington state and Canada, Dkt. No. 1 at 1–2; Dkt.

20    No. 11 at 1–2; *see also* Dkt. No. 10 at 2–3. While the presence of a foreign corporation "on one

21    side as an additional party does not defeat diversity jurisdiction," *Transure, Inc. v. Marsh &*

22    *McLennan, Inc.*, 766 F.2d 1297, 1298 (9th Cir. 1985), where one side of the action contains only

23    foreign parties and the other side contains both foreign and domestic parties, the case falls outside

24    the scope of Section 1332's jurisdictional grant, *Craig v. Atl. Richfield Co.*, 19 F.3d 472, 476 (9th

Cir. 1994); *Faysound Ltd. v. United Coconut Chems., Inc.*, 878 F.2d 290, 294–95 (9th Cir. 1989); *see also, e.g.*, *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990–91 (9th Cir. 1994); *Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1040–41 (7th Cir. 2018); *de Borja v. Razon*, 340 F.R.D. 400, 415 (D. Or. 2021); *Melvin v. Brayshaw*, No. EDCV-19-712-JGB (SPx), 2019 WL 6482220, at *5 (C.D. Cal. Oct. 3, 2019).

Accordingly, no later than November 22, 2023, Plaintiff is ORDERED to show cause why this case should not be dismissed for lack of subject matter jurisdiction. *See Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012). Failure to do so will result in dismissal.

Dated this 8th day of November, 2023.

Lauren King
United States District Judge